SPRINGER v. CARTER

———

(May 25, 1931. Opinion and Decree.)
(June 8, 1931. Rehearing Refused.)

———

Felix Wilfred Gaudin, Milton B. De Reyna and Edna K. Gaudet, of New Orleans, attorneys for plaintiff, appellee.

John H. Hammel, of New Orleans, attorney for defendant, appellant.

JANVIER, J. The intersectional collision, from which this litigation results, occurred at the corner of Valence and Rampart streets, at about 8:30 o'clock in the morning of April 3, 1930.

Plaintiff's Studebaker was being driven up Rampart street by his chauffeur and in it were several school girls on their way to school.

The other car which was involved was owned by M. C. Carter, Inc., and was driven by M. C. Carter, president.

The Carter car was being driven on Valence street in the direction of the Mississippi river. Just as it crossed Rampart street it was struck on the left rear wheel by the Springer car.

Springer claimed damage in the sum of $142.93, alleging that the cause of the accident was the excessive speed of the Carter car. The Carter Company reconvened and claims $225 as the damage sustained by its automobile.

The city traffic ordinance is not in evidence.

The testimony is conflicting, that on behalf of plaintiff apparently predominating to the effect that plaintiff's car was proceeding at a moderate rate of speed; had stopped or practically stopped before entering the intersection and, suddenly, and at the last moment, defendant's car, at an excessive speed, dashed across the intersection directly in the path of plaintiff's car.

On behalf of defendant only one witness was produced, Mr. Carter himself, who testified that he saw plaintiff's car when it was some thirty feet or so from the intersection, and that he proceeded across at a moderate speed but that plaintiff's car had approached at such an excessive speed, that it crashed into the side of his car near the rear, before he could clear the intersection.

Since there are no physical indications to assist us we would find it most difficult to reach a conclusion as to whose negligence caused the accident but the actions and conversation of Carter immediately after the impact make it most probable that he, himself, at that time, considered that he was at fault. Realizing that his corporation had no insurance protecting it against liability and noticing at once that the damage to the car he was driving was somewhat in excess of that to the other car, he proposed to the chauffeur of the Springer car that if he, the chauffeur, would admit that he was at fault, he, Carter, would pay the damage to the Springer car. His purpose plainly was, by this scheme, to compel the insurance company, which had issued to Mr. Springer a liability policy, to pay the damage to the Carter car. Such suggestion in our judgment was not only reprehensible but it indicated that Carter thought himself at fault.

We think that this was sufficient to upset the balance of the scales and to cause the evidence to preponderate in plaintiff's favor.

In the court below judgment was rendered in plaintiff's favor for $120.93, the trial judge being of the opinion that there should not have been included in the original claim the cost of an entirely new fender since the automobile, at the time of the accident, was three years old and since it appears that the fender could have been repaired. We think that this was correct.

The judgment appealed from is affirmed at the cost of appellant.